**Abed RAZZAK, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 06–72878.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 \*\*.

Filed Oct. 2, 2007.

Reynold E. Finnegan, Esq., Finnegan & Diba A Law Corporation, Los Angeles, CA, for Petitioner.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, DOJ—U.S. Department Of Justice, Civil Div./Office of Immigration Lit., Charles W. Brooks, Atty., U.S. DOJ–Office of Enforcement Operations Criminal Division, Washington, DC, for Respondent.

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Abed Razzak, a native and citizen of Bangladesh, petitions for review of a Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "[W]here the BIA cites its decision in *Burbano* and does not express disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety." *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir.2005) (en banc) (citation omitted). We review for substantial evidence, *see Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence supports the IJ's adverse credibility finding that Razzak's testimony concerning his persecution incident lacked sufficient detail. *See Don v. Gonzales,* 476 F.3d 738, 742 (9th Cir.2007). Substantial evidence also supports the BIA's finding that Razzak testified inconsistently as to which group was persecuting him. *See de Leon–Barrios v. INS,* 116 F.3d 391, 393–94 (9th Cir.1997). Because these issues go to the heart of Razzak's claim, the IJ's and BIA's adverse credibility determination is supported by substantial evidence. *See Li,* 378 F.3d at 962. Accordingly, Razzak's asylum claim fails.

Because Razzak failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Razzak's CAT claim is based on the same evidence that the IJ found not credible, we deny the CAT claim as well. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.